IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF § <br> § <br> § <br> § <br> 503 EAST STREET, FALCON, TEXAS § | CASE NO. 5:20-MJ-2289 |

**MOTION TO UNSEAL SEARCH WARRANT AND AFFIDAVITS**
**AND FOR RETURN OF PROPERTY AS PER RULE 41**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **R-Tech Games, LLC**, (hereinafter "Movant") by and through its Manager, Rodolfo Ricardo Villarreal, Jr, and files this Motion to Unseal all search and seizure warrant affidavits that were filed for the issuance of the search warrant issued by U.S. Magistrate Christopher dos Santos on November 20, 2020, which was executed on December 3, 2020 in the above styled numbered causes and the return of property pursuant to Rule 41 of the Fed. R. Crim. Procedure.

**I.**
**MOTION TO UNSEAL**

1. Movant is an aggrieved person pursuant to Federal Rules of Criminal Procedure Rule 41(g) and files this motion requesting that the search and seizure warrants and accompanying affidavit that have been issued against the place of business in this case be "unsealed" and made available to the Movant for inspection and copying.

2. As grounds for unsealing the search and seizure warrant affidavits and return of property are the following:

    a. The Defendant has a Fourth Amendment ground based on reasoning that a person whose property has been seized pursuant to a search warrant has a right under the

warrant clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued.

b. The Southern District of Texas Local Rules – General Order NO. 2004 –11 provides that only those "a. unexecuted summonses or warrants of any kind (e.g., search warrants, arrest warrants)" can be under seal.

c. There are no compelling reasons to keep the executed warrants under seal. The Defendant has a "pre-charge" right to ask for relief under Rule 41 and without the affidavits it cannot be done.

d. In a recent Fifth Circuit case, *United States v Sealed Search Warrants, 868 F. 3rd 385 (5th Cir. 2017)* the Court held that there is a common law right to judicial records. The Court stated: "We hold that the qualified common law right of access can extend to an individual seeking to access pre-indictment search warrant materials, and the decision of whether access should be granted must be left to the discretion of the district court, upon the court's consideration of "the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978).

### Inventory List of Property

e. Partial inventory lists that were left at the searched location reveal that many items were taken, but the information in the return is incomplete and unclear. *See* attached Inventory as **Exhibit 1.** Example: currency, 250 gaming machines, misc. documents, negotiable instruments, cell phones – 16, security camera DVR.

f. The net effect is that the Government agents removed the items from the searched locations leaving Movant without inadequate information to determine the actual

items taken. The intrusion by the government was major, but the information as to the items taken is inadequate.

## II.
## ARGUMENTS

3. It is clear that the Movant has a common law right to judicial records in addition to the Fourth Amendment ground. All it's based on reasoning that a person whose property has been seized pursuant to a search warrant has a right under the warrant clause of the Fourth Amendment to inspect and copy the affidavit upon with the warrant was issued. See *United States v Sealed Search Warrants, 868 F. 3rd 385 (5th Cir. 2017) and In re Search Warrant issued on April 26, 2004, 353 F. Supp. 2d 584, 591 (D.Md.2004).*

## III.
## RELIEF REQUESTED

4. The Movant requests that the Court order the return of personal property as follows:

    1. 250 machines taken and/or seized;
    2. A complete detailed Inventory of all property taken;
    3. A complete copy of all Search and Seizure Warrants; and
    4. A copy of any affidavits used to secure Search and Seizure Warrants.

5. That the Court order the government to produce all files and business records taken during the search be copied and be returned to the Movant.

Respectfully submitted

/s/ Oscar A. Vela, Jr.
Oscar A. Vela, Jr.
Federal ID # 22481
State Bar No. 24004967
ovela@thevelafirm.com

**THE VELA FIRM**
6557 Metro Ct., Ste. 3
Laredo, Texas 78041
Telephone: (956) 568-0221
Facsimile: (956) 568-0052

Attorney for Movant

## CERTIFICATE OF SERVICE

I certify that on this 13th day of January 2021, a true and correct copy of *Movant's Motion to Unseal Search Warrant and Affidavits and for Return of Property as Per Rule 41* on all counsel of record via ECF case system.

/s/ Oscar A. Vela, Jr.
Oscar A. Vela, Jr.

## CERTIFICATE OF CONFERENCE

I certify that on this 23rd day of December 2020, I requested a copy of the search warrant affidavits and Assistant United States Attorney, Francisco Rodriguez did not agree to the release. Mr. Rodriguez further advised counsel that he opposed any motion to unseal.

/s/ Oscar A. Vela, Jr.
Oscar A. Vela, Jr.
